IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>SCOTT J. JOHNSON; KAREN A.<br>JOHNSON; MONSON CONSULTING;<br>WELLS FARGO FINANCIAL LEASING;<br>and STATE OF WISCONSIN,<br>Department of Workforce Development,<br><br>                Defendants. | Case Number 06-cv-00372-bbc |

**JUDGMENT OF FORECLOSURE AND SALE**

The above action coming on to be heard on the 11th day of January, 2012, the Office of the United States Attorney for the Western District of Wisconsin, appearing for the plaintiff, United States of America ("Plaintiff"), and due proof having been made and filed showing service of the Summons and Complaint herein on all of the defendants, unless service of the summons was waived, in which case a signed waiver form has been filed with the court for said defendants, and it appearing by the declaration of Barbara L. Oswald, Assistant United States Attorney, Office of the United States Attorney for the Western District of Wisconsin, that the time for answering the Complaint has expired, that no answer or other response has been served upon or received by Plaintiff's attorney from any of the defendants, except as

may be set forth in the declaration of Barbara L. Oswald, Assistant United States Attorney, Office of the United States Attorney, attorney for Plaintiff, and that notice of application for judgment was mailed to each of the defendants herein, and a certificate of service by mail was filed with the Clerk of the United States District Court for the Western District of Wisconsin; and it further appearing by due proof that due notice of the pendency of this action was duly filed in the Office of the Register of Deeds for Polk County, Wisconsin, on the 14th day of July, 2006, said notice being filed subsequent to the filing of the Complaint herein in the Office of the Clerk of this Court, and more than twenty (20) days prior to the trial of this action; and proofs of the matters and things alleged in the Complaint and the computation of the amounts due Plaintiff having been duly taken in open court, and the Court having filed its Findings of Fact and Conclusions of Law;

Now therefore, on application of the Office of the United States Attorney for the Western District of Wisconsin, attorney for Plaintiff,

### Real Estate

IT IS FURTHER ORDERED that there is now due and owing to Plaintiff as of and including the 11th day of January, 2012, the following sum: see Exhibit A.

IT IS FURTHER ORDERED that the mortgaged premises are located in the County of Polk, State of Wisconsin, and described in Exhibit B, that it shall be sold as a whole at public auction in the County of Polk, State of Wisconsin, by or under the direction of the United States Marshal for the Western District of Wisconsin,

Case: 3:06-cv-00372-bbc Document #: 30 Filed: 01/12/12 Page 3 of 7

IT IS FURTHER ORDERED that in case of sale pursuant hereto, the United States Marshal shall give public notice of the time and place of such sale in the manner provided by law, and that publication of said notice be made in <u>The County Ledger Press</u>, a newspaper published in the City of Balsam Lake, County of Polk, State of Wisconsin; that the Marshal shall allow either or any of the parties to this action to purchase at such sale the above-described premises; that the Marshal shall file with the Clerk of this Court his report of said sale, and shall also immediately after said sale deposit the proceeds thereof, after deducting the costs and expenses of the sale unless otherwise ordered by the Court; that said United States Marshal may accept from the purchaser at such sale, as a deposit or down payment upon the same, not less than ten percent (10%) of the purchase price, in which case such amount shall be so deposited as above provided, and the balance of the sale price shall be paid to the United States Marshal's Service by said purchaser at such sale, upon confirmation thereof, except that if Plaintiff be the successful bidder at such sale, the said United States Marshal may take the receipt of Plaintiff in lieu of said cash payment; that the Marshal, upon compliance on the part of the purchaser with the terms of such sale as required by law, shall make and execute to said purchaser a deed to the premises so sold, as above described, stating the price paid therefor; that the United States Marshal shall deliver such deed to said purchaser, upon compliance by said purchaser with the terms of such sale, and the payment by him of any balance of the sale price to be paid; that the United States Marshal shall thereupon pay from the proceeds of said sale all claims superior to Plaintiff as determined by the Court and to Plaintiff the following sum: see Exhibit A,

the amount of said judgment, together with interest on all of said sums at the rate of zero and twelve one-hundredths percent (0.12%) per annum from the date hereof, or so much thereof as the monies derived from the sale of said premises will pay the same, and take receipts therefor; and that the surplus money, if any, shall be subject to the further order of the Court.

IT IS FURTHER ORDERED that if the proceeds of such sale be insufficient to pay the amounts aforesaid, said United States Marshal shall specify the amount of said deficiency in his report of sale. Deficiency judgment is being sought herein.

IT IS FURTHER ORDERED that upon confirmation of sale of the mortgaged premises, the purchaser or purchasers, or his or their heirs, representatives or assigns, be let into possession of the premises sold, upon production of the Marshal's deed thereto or duly authenticated copy thereof; that each and every one of the parties to this action who may be in possession of said premises, and every other person who since the filing of notice of the pendency of this action has come into possession of the same or any part thereof under them or either of them shall deliver to such grantee or grantees named in such deed possession of the mortgaged premises, and that a writ of assistance issue if necessary to secure such possession.

IT IS FURTHER ORDERED that the defendants and each of them, their heirs, successors and assigns, and all persons claiming under them or either of them after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest and equity of redemption in said mortgaged premises.

IT IS FURTHER ORDERED that Plaintiff may pay any taxes or insurance premiums on said mortgaged premises now due or which shall hereafter become due before the sale thereof and have a lien on said premises for the amount so paid with interest thereon from date of payment of zero and twelve one-hundredths percent (0.12%) per annum; and that in the event any such payments are made, Plaintiff may obtain an order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of said mortgaged premises.

IT IS FURTHER ORDERED that the defendants and all persons claiming under them be and they are hereby enjoined from committing waste upon said mortgaged premises and from doing any other act that may impair the value of the same.

### Chattels

1. IT IS HEREBY ORDERED that there is now due and owing to Plaintiff as of and including the 11th day of January, 2012, under the provisions of the promissory notes and security agreements as found in Exhibit A.

2. IT IS FURTHER ORDERED that Plaintiff is entitled to immediate possession of the items of security on which Farm Service Agency has a first security interest, set out in the complaint on file herein, as listed in Exhibit C.

3. IT IS FURTHER ORDERED that Plaintiff may exercise its right to have execution issued and require the United States Marshal to take possession of said items

of security at any time after the date of this judgment, and deliver the items of security to Plaintiff, and that a writ of execution issue if necessary to secure such possession.

4. IT IS FURTHER ORDERED that these items of security, described in paragraph 2 above, may be sold individually or as a whole at public sale or private sale by or under the direction of the United States Marshal or Farm Service Agency.

5. IT IS FURTHER ORDERED that if these items of security, described in paragraph 2 above, are sold, the United States shall deposit the proceeds thereof, after deducting the costs and expenses of the sale, and unless otherwise ordered by the Court, the United States shall thereupon pay from the proceeds of said sale all claims superior to Plaintiff as determined by the Court and to Plaintiff to the sum of: see Exhibit A, the amount of said judgment, together with interest on all of said sums at the rate of zero and twelve one-hundredths percent (0.12%) per annum from the date hereof, or so much thereof as the monies derived from the sale of said items of security will pay the same, and take receipts therefor; that the surplus money, if any, shall be subject to the further order of the Court.

6. IT IS FURTHER ORDERED that if the proceeds from the sale of the items of security, together with the proceeds from the sale of the real estate, be insufficient to pay the amounts aforesaid, then the United States may report the amount of the deficiency to the Court. Deficiency judgment is being sought herein.

7. IT IS FURTHER ORDERED that the defendants, their heirs, successors or assigns, and all persons claiming under them, be forever barred and foreclosed of all right, title, interest and equity of redemption in said mortgaged collateral.

8.  IT IS FURTHER ORDERED that the defendants and all persons claiming under them be and they are hereby enjoined from doing any act that may impair the value of the mortgaged collateral.

Dated this 11th day of January, 2012.

BY THE COURT:

*Barbara B. Crabb*
BARBARA B. CRABB
United States District Judge
Western District of Wisconsin

Entered at Madison, Wisconsin, this 12th day of January, 2012.

*Peter Oppeneer*
PETER OPPENEER
Clerk of Court
United States District Court
Western District of Wisconsin

7